## CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

WHEREAS, Eric Presinat ("Plaintiff") has alleged that he has been the subject of unlawful employment practices by his employer, TRMW Enterprises, Inc. and Vincent Liot (collectively, "Defendants");

WHEREAS, Plaintiff commenced an action against Defendants on September 2, 2015, in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 15-cv-05125 (the "Action");

WHEREAS, Defendants deny Plaintiff's allegations, have filed an Answer asserting same, and contend that Plaintiff's allegations are unfounded and lack merit;

WHEREAS, Plaintiff and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Confidential Settlement and General Release Agreement ("Agreement");

WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties, which involved exchanging information and reviewing documents, which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the gross sum of ███████████████████████████ (the "Settlement Amount"), Plaintiff hereby releases and forever discharges Defendants TRMW Enterprises, Inc. and Vincent Liot, as well as TRM Enterprises, TRMW Enterprises, Inc.'s current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by Defendants, deemed by Eric Presinat to be an "employer," including, but not limited to, Vincent Liot, individually and in his official capacity, and Defendants' predecessors, successors, and subsidiaries (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement. Said release includes, but is not limited to, all claims set forth in the Action, all claims of unpaid compensation, improper notice, improper deductions, unpaid overtime, discrimination, wrongful discharge, harassment, retaliation, negligence, and all tort, contractual, or statutory claims, and any other claims arising under any federal, state, local, or common law, including but not limited to, all claims under the Fair Labor Standards Act, New York Labor Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, 42 U.S.C. Section 1981 and 1983, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Occupational Safety and

2

Health Act, Labor Management Relations Act of 1947, and the National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' employment with Defendants.

2. The Settlement Amount shall be paid as follows:

   (a) Defendants shall file with the Court the Stipulation of Dismissal, annexed hereto as Exhibit A, together with a copy of this Agreement with all financial terms redacted, and shall submit to the Court by mail or FedEx an unredacted copy of the Settlement Agreement, within seven (7) days after the following conditions are met:

   i. Defendants receive the executed and notarized copy of this Agreement signed by Plaintiff;

   ii. Defendants receive completed IRS Form W-9 for Plaintiff and IRS Form W-9 for Plaintiff's Counsel; and

   iii. The 7 day revocation period, as described in Paragraph 19, has expired without a revocation of Plaintiff's acceptance of this Agreement.

   (b) Within 30 days of the date the Court "So Orders" the Stipulation of Dismissal (the "Dismissal Date"), Defendants shall issue:

   i. One (1) check payable to "Eric Presinat" in the gross amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

3

  ii. One (1) check payable to "Eric Presinat" in the total amount of ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ representing payment of Plaintiff's claims for liquidated damages;

  iii. One (1) check payable to "Neil H. Greenberg & Associates, P.C." in the total amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ representing payment of Plaintiff's attorneys' fees and costs;

  3. Defendants shall issue an IRS form W-2 to Plaintiff for the portions of the Settlement Amount which constitute wages, and an IRS tax form 1099 to Plaintiff and Neil H. Greenberg & Associates, P.C. for the remaining portions of the Settlement Amount. To effectuate the withholdings and deductions provided for in Paragraph 2, contemporaneously with the transmission of this executed Agreement, Plaintiff shall provide Defendants with completed tax form W-9, and Neil H. Greenberg & Associates, P.C. shall provide Defendants with completed tax form W-9. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, resulting from the issuance of a form 1099 as a result of Plaintiff's failure to pay any taxes related to said income.

  4. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges related to Plaintiff's employment with Defendants, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands or actions pending against Defendants and Releasees, both individually and in their/its official capacities, arising out of or related to Plaintiff's employment with Defendants. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or

actions of any kind against Defendants or any of the Releasees as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, he promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the EEOC; however, this Agreement shall bar him from receiving any monetary award or compensation in connection with said charge, or any charge filed on Plaintiff's behalf.

5. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

6. Plaintiff acknowledges that other than the payments described in Paragraph 2 of this Agreement, he is owed no other forms of compensation whatsoever, including, but not limited to, any wages, commission, spread of hours pay, overtime pay, vacation or sick pay, accrued benefits, or bonus.

7. Plaintiff and Vincent Liot each represent that they will keep the existence and terms of the Settlement Agreement confidential, and will not disclose the same to any other

person or entity. The Parties acknowledge that this Agreement will be filed electronically with all financial terms redacted and that it will appear on the Court's docket in order to effectuate judicial approval of this Agreement and the dismissal of this Action. The Parties agree that such a filing shall not constitute a breach of any provision of this Agreement. Plaintiff is bound by this confidentiality provision, but can disclose the terms of this Agreement solely to Plaintiff's spouse, his attorney(s), or his financial advisor(s) for tax purposes or financial planning. Vincent Liot is bound by this confidentiality provision, but can disclose the terms of this Agreement for business related reasons, and to Vincent Liot's spouse, Vincent Liot's attorney(s), or Vincent's Liot's financial advisor(s) for tax purposes or financial planning. Said spouse, attorney(s) and financial advisor(s) of Plaintiff and said spouse, attorney(s) and financial advisor(s) of Vincent Liot shall also be obligated to keep the terms of this Agreement confidential. Any breach of this confidentiality provision by Plaintiff, Vincent Liot, or said individuals shall constitute a material breach of this Agreement. In addition, Plaintiff and Vincent Liot may disclose the existence and terms of the Settlement Agreement in an action to enforce the Settlement Agreement, or as otherwise required by law.

8. Plaintiff agrees that he shall not make any: (a) statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, Defendants' workplace, or Defendants' business practices; or (b) negative statement, written, oral or electronic, about Defendants, any employee Plaintiff knows to be employed by Defendants, Defendants' workplace, or Defendants' business practices. Plaintiff agrees to take no action which is intended, or would reasonably be expected, to harm Defendants or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to Defendants. In addition, Vincent Liot agrees that he shall not make any

(a) statement, written, oral or electronic, which in any way disparages Plaintiff; or (b) negative statement, written, oral or electronic, about Plaintiff.

9. The Parties agree that, in an action arising from any alleged breach by Plaintiff of the Agreement, in addition to any remedies available to Defendants in law or equity for a breach thereof, if Defendants are the prevailing party, Defendants shall be entitled to receive from Plaintiff liquidated damages in an amount equal to that portion of the Settlement Amount received by him, as well as Defendants' costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). In any action brought alleging a breach by any party of any of the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.

10. Plaintiff affirms that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid. In the event any action is commenced whereby Defendants are pursued for payment in connection with Plaintiff's position as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify Defendants and hold Defendants harmless in full.

11. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiff's claims have merit.

12. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

14. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

15. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

16. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

17. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

18. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Keith Gutstein, Esq., Kaufman Dolowich &

Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiff, Justin Reilly, Esq., Neil H. Greenberg & Associates, P.C., 900 Merchants Concourse, Suite 314, Westbury, New York 11590, (516) 228-5100, justin@nhglaw.com.

19.  Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same. Plaintiff further represents that he has been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent he executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to his execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily. Plaintiff further understands that he can revoke his acceptance by communicating his revocation in writing, so as to be received by counsel for Defendants within seven (7) days of his execution of the Agreement in accordance with the notice provisions in Paragraph 18.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
ERIC PRESINAT

~~STATE OF NEW YORK~~ )
                     )s.s.   REPUBLIC FRANCE CITY OF PARIS
~~COUNTY OF~~ _____ )

On April 05_____, 2016, before me personally came Eric Presinat, to me known, and known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Wendy Crook RYDE
Consul
U.S. Embassy Paris

_____
TRMW Enterprises, Inc.
By: Vincent Liot
Title: President

STATE OF NEW YORK      )
                       )s.s.
COUNTY OF Suffolk      )

On April 12_____, 2016, before me personally came Vincent Liot, and acknowledged himself to be an officer of TRMW Enterprises, Inc., and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name for TRMW Enterprises, Inc.

_____
NOTARY PUBLIC

JOHN GULI
Notary Public, State of New York
No. 01GU6225667
Qualified in Suffolk County
Commission Expires July 26, 2018

10

_____
VINCENT LIOT

STATE OF NEW YORK   )
                    )s.s.
COUNTY OF Suffolk   )

On April 12, 2016, before me personally came Vincent Liot, to me known, and known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JOHN GULI
Notary Public, State of New York
No. 01GU6225667
Qualified in Suffolk County
Commission Expires July 26, 2018

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC PRESINAT,

                      Plaintiff,

    -against-

TRMW ENTERPRISES, INC. and VINCENT LIOT,

                      Defendants.
------------------------------------------------------------X

15-cv-05125 (JFB) (SIL)

**STIPULATION OF DISMISSAL**

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

      Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay for the period set forth in Plaintiff's Complaint.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: April 27, 2016

NEIL H. GREENBERG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
Neil H. Greenberg, Esq.
Justin Reilly, Esq.
900 Merchants Concourse, Suite 314
Westbury, NY 11590
(516) 228-5100
justin@nhglaw.com

Dated: April 27, 2016

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*

By: _____
Keith Gutstein, Esq.
Matthew Cohen, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com

SO ORDERED:

_____
The Hon. Joseph F. Bianco, U.S.D.J.

4826-6626-1549, v. 2